IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:17-cv-882<br>) |
| v. | ) Judge<br>) |
| DOMETIC CORPORATION, | ) **Jury Trial Demanded**<br>) |
| Defendant. | )<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**(28 U.S.C. § 2201, *ET SEQ.*)**

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") brings this action under the Declaratory Judgment Act (28 USC § 2201, *et seq*.) against defendant Dometic Corporation ("Dometic") and alleges as follows:

**INTRODUCTION**

1. Liberty Mutual issued primary level commercial general liability insurance policies to Dometic. Those policies apply to a period extending from November 1, 2001 to October 1, 2005, and are referred to collectively in this Complaint as the "Policies." *See* Exs. 1-4.

2. Liberty Mutual has made defense and indemnification payments on behalf of Dometic that have exhausted the $4 million Products/Completed Operations Aggregate Limit of Policy No. TB1-641-004826-014 (the "2004-2005 Policy" attached as Ex. 4). The remaining policy periods of the impaired, but unexhausted Policies, extend from November 1, 2001 to October 1, 2004.

3. Dometic has tendered three separate class action complaints to Liberty Mutual seeking coverage under the Policies. On April 3, 2017, Dometic forwarded to Liberty Mutual a

copy of Plaintiffs' First Amended Class Action Complaint in *Papasan et al. v. Dometic Corporation*, Case No. 4:16-cv-02117 in the United States District Court for the Northern District of California (the "*Papasan* Complaint" attached as Ex. 5). On August 28, 2017, Dometic forwarded to Liberty Mutual a copy of Plaintiffs' Class Action Complaint in *Zucconi et al. v. Dometic Corporation*, Case No. 1:17-cv-23197 in the United States District Court for the Southern District of Florida (the "*Zucconi* Complaint" attached as Ex. 6). On September 25, 2017, Dometic forwarded to Liberty Mutual a copy of Plaintiffs' Class Action Complaint in *Zimmer et al. v. Dometic Corporation*, Case No. 2:17-cv-06913 in the United States District Court for the Central District of California (the "*Zimmer* Complaint" attached as Ex. 7). We collectively refer to these three complaints as the "Underlying Complaints."

4. Following Dometic's tender of the Underlying Complaints, Liberty Mutual elected to participate in Dometic's defense in each of those matters subject to a complete reservation of rights, including Liberty Mutual's right to seek reimbursement of defense costs and to file the instant action. In this action, Liberty Mutual seeks a declaratory judgment that it has no duty to defend or indemnify Dometic against the Underlying Complaints.

## PARTIES, JURISDICTION, AND VENUE

5. Liberty Mutual is organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts and is licensed to, and does, conduct business in the State of Indiana.

6. Dometic Corporation is a Delaware corporation with its principal place of business in Indiana and is licensed to, and does, conduct business in the State of Indiana.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant resides in this District and is subject to the Court's personal jurisdiction. Defendant also does business in this district, out of which the causes of action in this case arise.

## THE UNDERLYING CLAIMS

9.  The Underlying Complaints are class action complaints against Dometic seeking monetary damages and injunctive relief for alleged breaches of implied warranties and violations of consumer protection and unfair business practices statutes in various states.

10. Specifically, the Underlying Complaints allege that Dometic sold defective gas absorption refrigerators for RVs and boats that contain defective cooling units that can leak harmful substances and cause fires.

11. The *Papasan* Complaint seeks to force Dometic (1) to repair and/or replace its products and (2) compensate consumers for the diminished value of their RVs and boats as a result of defective refrigerators. The *Papasan* plaintiffs explicitly allege that:

> Plaintiffs and the proposed class do not, in this action, seek damages on a class-wide basis for personal injuries sustained as a result of failure, explosion, or fire caused by Dometic's Defective Gas Absorption Refrigerators.

Ex. 5 at ¶ 9. None of the six putative class representatives allege that any bodily injury or property damage occurred during Liberty Mutual's policy periods, *i.e.*, November 1, 2001 to October 1, 2005.

12. The *Zucconi* Complaint seeks (1) compensation for damages related to the defective cooling units in Dometic's products and (2) agreement to warn customers of the potential dangers from defective cooling units. The *Zucconi* plaintiffs explicitly allege that:

> Plaintiffs do not seek damages for any of the personal injuries that have resulted from the fires or inhalation of the harmful gases.

Ex. 6 at ¶ 12. Neither of the two putative class representatives alleges that any bodily injury or property damage occurred during Liberty Mutual's policy periods.

13. The *Zimmer* Complaint seeks to have Dometic (1) notify the class of the safety risks associated with the cooling unit defect, including, but not limited to, the fact that the recall kits do not stop leaks; (2) eliminate the safety risk by replacing the defective and dangerous refrigerators/cooling units distributed to the class with non-defective units; (3) provide restitution; and (4) compensate class members for the diminution of value of their RVs, the lost benefit of their bargains, and/or overpayments made as a result of the defect. The *Zimmer* plaintiffs explicitly allege that:

> This case does not seek recovery for personal injuries on a class-wide or individual basis. Such claims are expressly excluded from the claims presented and reserved.

Ex. 7 at ¶ 14. None of the eleven putative class representatives allege that any bodily injury or property damage occurred during Liberty Mutual's policy periods.

14. The *Papasan* Complaint alleges Dometic willfully failed to disclose the dangerous and common defect, risks, and the true performance of its defective gas absorption refrigerators, including the propensity of their cooling units to corrode, crack, and leak gases. Ex. 5 at ¶ 261. Plaintiffs contend Dometic had actual knowledge of the existence of design and manufacturing defects since at least July 2001. *Id*. at ¶ 146. The *Zucconi* and *Zimmer* Complaints allege that all complained actions and omissions by Dometic were willful and not the result of mistake or inadvertence. Ex. 6 at ¶ 126; Ex. 7 at ¶ 232.

**RELEVANT TERMS AND CONDITIONS OF THE LIBERTY MUTUAL POLICIES**

15. Liberty Mutual issued certain primary-level commercial general liability insurance policies to The Dometic Corporation. Copies of the four Liberty Mutual Policies are attached as Exhibits 1-4. The Liberty Mutual Policies are incorporated herein by reference.

16. The following chart identifies the Liberty Mutual Policies issued to Dometic.

| Policy No. | Named Insured | Policy Period | Limits |
|---|---|---|---|
| TB1-641-004826-011 | The Dometic Corporation 2320 Industrial Parkway Elkhart, IN 46515-1490 | 11/1/2001 to 10/1/2002 | Each Occurrence Limit: $1,000,000<br><br>General Aggregate Limit: $2,000,000<br><br>Products/Completed Ops.  Agg. Limit: $2,000,000 |
| TB1-641-004826-012 | The Dometic Corporation 2320 Industrial Parkway Elkhart, IN 46515-1490 | 10/1/2002 to 10/1/2003 | Each Occurrence Limit: $1,000,000<br><br>General Aggregate Limit: $2,000,000<br><br>Products/Completed Ops.  Agg. Limit: $2,000,000 |
| TB1-641-004826-013 | The Dometic Corporation and as per Endorsement 1 509 South Poplar Street La Grange, IN 46761 | 10/1/2003 to 10/1/2004 | Each Occurrence Limit: $1,000,000<br><br>General Aggregate Limit: $2,000,000<br><br>Products/Completed Ops.  Agg. Limit: $2,000,000 |

| Policy No. | Named Insured | Policy Period | Limits |
|---|---|---|---|
| TB1-641-004826-014 | The Dometic Corporation and as per Endorsement 1 509 South Poplar Street La Grange, IN 46761 | 10/1/2004 to 10/1/2005 | Each Occurrence Limit: $4,000,000<br><br>General Aggregate Limit: $4,000,000<br><br>Products/Completed Ops. Agg. Limit: $4,000,000 |

17. The Liberty Mutual Policies contain the following relevant coverage grants:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.    Insuring Agreement**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

                              \* \* \*

        b.    This insurance applies to "bodily injury" and "property damage" only if:

            (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            (2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

7

   b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * *

18. The Liberty Mutual Policies define certain terms as follows:

 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

 8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

  a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  if such property can be restored to use by:

  a. The repair, replacement, adjustment or removal of "your product" or "your work" …

 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 16. "Products-completed operations hazard":

  a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" …

 17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

21. "Your product"[1]:

   a. Means:

   (1) Any goods or product, other than real property, manufactured, sold, handled, distributed or disposed of by:

   (a) You;

   (b) Others trading under your name; or

   (c) A person or organization whose business or assets you have acquired; and

   b. Includes

   (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   (2) The providing of or failure to provide warnings or instructions.

2. "Personal and advertising injury" means[2]:

   a. Injury, including consequential "bodily injury", to the feelings and reputation of a natural person (including mental anguish) caused by an offense arising out of your business, except injury arising out of:

   (1) your "advertisement", or

   (2) publishing, broadcasting or telecasting done by or for you.

   b. injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   (1) False arrest, detention or imprisonment;

---

[1] Definition number 20 in the 2001-2002 policy.
[2] Endorsement Serial No. 4 for 2001-2003 policies and No. 5 for 2003-2005 policies.

(2) Malicious prosecution or abuse of process;

(3) The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

(4) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

(5) Oral or written publication or material that violates a person's right of privacy;

(6) The use of another's advertising idea in your "advertisement"; or

(7) Infringing upon another's copyright, trade dress or slogan in your "advertisement".

19. The Liberty Mutual Policies contain the following exclusions:

**2. Exclusions**

This insurance does not apply to:

**a.     Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended form the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

10

   (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

   (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

 **n.** **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

 (1) "Your product"; or

 (2) "Your work" or

 (3) "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## THE PARTIES' DISPUTE

20. On information and belief, Dometic alleges that Liberty Mutual is obligated to defend and indemnify Dometic in connection with the Underlying Complaints under the Liberty Mutual Policies.

21. Conversely, Liberty Mutual believes that it has no duty to defend Dometic in connection with the Underlying Complaints because, among other bases for non-coverage, there are no claims alleged in the Underlying Complaints that are potentially covered by the Liberty Mutual Policies for the following reasons: (a) the Underlying Complaints do not seek damages

11

because of "bodily injury" as defined in the Liberty Mutual Policies; (b) the Underlying Complaints do not seek damages because of "property damage" as defined in the Liberty Mutual Policies; (c) the Underlying Complaints do not seek damages because of "personal and advertising injury" as defined in the Liberty Mutual Policies; (d) the Underlying Complaints do not arise from an "occurrence" as required by the Liberty Mutual Policies; (e) the Underlying Complaints do not allege any "bodily injury" or "property damage" that occurred during the unexhausted Policies' applicable policy periods, *i.e.*, November 1, 2001 to October 1, 2004; and (f) coverage for the Underlying Complaints is barred by one or more of the above-identified exclusions in the Liberty Mutual Policies. For the same reasons, Liberty Mutual also believes that it has no indemnity obligations to Dometic for the Underlying Complaints under the Liberty Mutual Policies.

### COUNT I – DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY UNDER THE 2004-2005 POLICY BASED ON EXHAUSTION

22. Plaintiffs restate and incorporate all paragraphs herein.

23. Liberty Mutual has made defense and indemnity payments on behalf of Dometic that have exhausted the Products/Completed Operations Aggregate Limit of the 2004-2005 Policy.

24. The United States District Court for the Southern District of Indiana confirmed exhaustion of the 2004-2005 Policy in a 2008 order. *See Dometic Corp. v. Liberty Mut. Ins. Co.*, No. 1:06-CV-1260-DFH-TAB, 2008 WL 4443234, at *2 ("Liberty has produced unchallenged evidence that the policy limits of the 2004-2005 CGL policy have been exhausted").

25. Liberty Mutual seeks a judicial declaration that Liberty Mutual has no duty to defend Dometic or to reimburse Dometic for defense costs incurred in connection with the Underlying Complaints under the 2004-2005 Policy because the limits of that policy are exhausted.

WHEREFORE, Plaintiffs request that this Court enter an Order that Plaintiff does not owe any duty to defend or indemnify Dometic in relation to the Underlying Complaints under the 2004-2005 Policy and for all other relief that the Court deems just and reasonable.

**COUNT II – DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY BASED ON POLICY LANGUAGE**

26. Plaintiffs restate and incorporate all paragraphs herein.

27. The Policies provide coverage only for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined in the Policies. The Underlying Complaints do not seek damages for "bodily injury," "property damage" or "personal and advertising injury" as those terms are defined in the Policies. Thus, Plaintiff has no duty to defend or indemnify Dometic in relation to the Underlying Complaints.

28. Alternatively, the Policies only cover "bodily injury" or "property damage" caused by an "occurrence" as defined in the Policies. The Underlying Complaints do not allege an "occurrence" as required by the Policies.

29. Alternatively, the Policies only cover "bodily injury" or "property damage" that occurs during the policy period. The Underlying Complaints do not allege any "bodily injury" or "property damage" that occurred during the unexhausted Policies' applicable policy periods, *i.e.*, November 1, 2001 to October 1, 2004.

30. Alternatively, the Policies do not provide coverage for, and in fact specifically exclude, knowing and intentional conduct. The Underlying Complaints exclusively allege claims dependent on knowing, willful, and deliberate conduct. Such claims are excluded under the Policies.

31. Alternatively, even if it the Underlying Complaints allege that unnamed class members potentially suffered "bodily injury" or "property damage" during the Policies' periods (which they do not), any defense or indemnity obligation for the Underlying Complaints would be barred by exclusions in the Policies, including but not limited to exclusions for (1) expected or intended injury; (2) damage to your product; (3) damage to impaired property or property not physically injured; and (4) recall of products, work or impaired property.

WHEREFORE, Plaintiff requests that this Court enter an Order that Plaintiff does not owe any duty to defend or indemnify; that Plaintiff does not bear any obligation to reimburse Dometic in relation to the Underlying Complaints; that Plaintiff is entitled to reimbursement for all defense costs paid on behalf of the Defendant as a result of Plaintiff's election to provide a defense for Defendant in connection with the Underlying Complaints subject to Plaintiff's reservation of rights; and for all other relief that the Court deems just and reasonable.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: November 21, 2017

Respectfully submitted,

**LIBERTY MUTUAL INSURANCE COMPANY**

By: */s/ Katherine L. Shelby*
Katherine L. Shelby (#1592-49)
Attorney for Plaintiff, Liberty Mutual Insurance Company

Katherine L. Shelby
CANTRELL STRENSKI & MEHRINGER, LLP
150 Market Street, Suite 800
Indianapolis, Indiana 46204
Telephone:  (317) 352-3500
Facsimile:  (317)352-3501
kshelby@csmlawfirm.com

<u>Of Counsel:</u>
Matthew O. Sitzer
Thomas J. Dammrich
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195
msitzer@shb.com
tdammrich@shb.com