UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff/<br>Counter-Defendant | )<br>)<br>) |
| vs. | )    CAUSE NO. 3:17-CV-882 RLM-MGG<br>) |
| DOMETIC CORPORATION, | )<br>)<br>) |
| Defendant/<br>Counter-Plaintiff | )<br>) |

OPINION AND ORDER

Liberty Mutual Insurance Company brought this suit seeking a declaratory judgment that it had no duty to defend or indemnify Dometic Corporation in three putative class action suits filed against Dometic in other districts. The court ruled in March 2019 that Indiana substantive law controls this dispute, and under Indiana law, Liberty Mutual had a duty to defend Dometic under three unexhausted commercial general liability policies covering November 2001 to October 2004. Dometic now moves for summary judgment on its three breach of contract counterclaims, alleging that Liberty Mutual has failed to pay all reasonable defense costs. The court heard arguments on the motion on February 10, 2020. For the following reasons, the court grants the motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

Dometic argues that all of the costs it incurred defending itself between May 2017 and March 2019 are reasonable as a matter of law. It contends that Liberty Mutual has breached its duty to defend under the policies because it refuses to pay $86,931.84 of the defense costs.[1] Liberty Mutual counters that under the terms of the policies, it was only required to pay Dometic's reasonable defense costs, and the fees it refuses to pay are unreasonable.

A federal court sitting in diversity must apply state substantive law as determined by the highest court in the state. Allstate Ins. Co. v. Menards, Inc.,

---

[1] By an agreement between the parties and Dometic's other insurers, Liberty Mutual is responsible for 25 percent of Dometic's defense fees. Liberty Mutual's percentage o the remaining fees is $86,931.84.

285 F.3d 630, 637 (7th Cir. 2002). If there isn't any prevailing authority from the state's highest court, "federal courts ought to give great weight to the holdings of the state's intermediate appellate courts[.]" Id. In this case, the court looks to the Indiana Court of Appeals' decision in Thomson Inc. v. Insurance Co. of North America, 11 N.E.3d 982 (Ind. Ct. App. 2014). The court ruled that when a policyholder is defending itself without assurance that it will be reimbursed, its costs "are presumed to be 'reasonable and necessary'" because under those circumstances, the insured serves as a proxy for the market. Id. at 1023-1024 (*citing* Taco Bell Corp. v. Cont'l Cas. Co., 388 F.3d 1069, 1075 (7th Cir. 2004)). Dometic argues that like the plaintiff in Thomson, it proceeded with its defense without knowing whether Liberty Mutual would reimburse its costs.

Liberty Mutual counters that this case is distinguishable because it had agreed to defend Dometic, so Dometic knew Liberty Mutual would pay its reasonable costs. This argument is unpersuasive. Liberty Mutual's representation included a reservation of rights, and it filed and maintained this suit, seeking a declaration that it no duty to defend. As long as Liberty Mutual had a chance of prevailing on its position that there was no duty to defend, which it did until the court's March 2019 ruling, Dometic had to proceed as though it could be stuck with the bills.

Accordingly, the court:

(1) GRANTS Dometic's motion for summary judgment [Doc. No. 64]; and

3

(2) ORDERS both parties to submit briefs with supporting documentation on the issue of damages on this claim within 21 days of the date of this order

SO ORDERED.

ENTERED:   February 13, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court